State v. Terry.

---

STATE OF MISSOURI, Respondent, v. TERRY, Appellant.

St. Louis Court of Appeals, March 1, 1904.

DRAMSHOPS: Instructions to Bartenders. Where, on the trial of defendant, a licensed dramshop keeper, on the charge of selling liquor on Sunday, the testimony of the defendant himself, and other witnesses for him, was to the effect that he had given his barkeepers rigid instructions not to sell on Sunday, and the evidence for the State, elicited from reluctant and hostile witnesses, showed the commission of the acts complained of by defendant's barkeepers, and the jury were instructed to consider whether defendant's instructions to his barkeepers, not to sell on Sunday, were made in good faith, a verdict of guilty will not be disturbed.

Appeal from Dunklin Circuit Court.—*Hon. J. L. Fort,* Judge.

AFFIRMED.

*C. M. Edwards* and *J. L. Downing* for appellant.

REYBURN, J.—The grand jury of Dunklin county, Missouri, being empanelled for a special term, August, 1902, returned five indictments against defend-

ant, a licensed dramshop keeper, for unlawfully selling liquors on the first day of the week, commonly designated as Sunday. The record recites that a capias issued upon the several indictments and was returned served by arresting the defendant, and putting him under bond for his appearance at the November term of court. By order of the circuit court four of the indictments were consolidated with the fifth, and they were tried as the latter consolidated, the defendant first pleading not guilty, the trial proceeded by consent before a jury composed of six members, and a verdict of guilty was found with fine of $50 as the punishment imposed for the use of the county school fund of Dunklin county.

At close of the State's case comprising the testimony of several witnesses, the demurrer of defendant to the evidence of the prosecution as insufficient to sustain the allegations of the indictment was overruled, and the testimony on behalf of defendant proceeded. The evidence of defendant himself and of the witnesses introduced in his defense was directed to prove his innocence of the charges and particularly to establish that he had given to his barkeepers rigid instructions not to be guilty of breaches of the law by dispensing liquor on Sunday, and therefore that conceding they had so violated the law as the testimony of the State tended to show, he was exonerated from liability and not to be held responsible for such guilty acts of his servants.

The jury returned a verdict of guilty upon one count, imposing a penalty of fine of fifty dollars. The proof introduced by the State, through the numerous witnesses examined, tended to show the commission of the acts alleged by the barkeepers and the presumptive guilt of the defendant of the charges preferred in the indictments and the demurrer interposed by defendant was properly overruled.

The State, as not infrequently happens in such

cases, encountered conspicuous difficulties in prosecuting the charges and was compelled to rely for their substantiation upon statements elicited from reluctant and hostile witnesses. While the examination of the latter plainly disclosed their disposition to screen and aid defendant in escaping conviction, their testimony, though evasive and dissimulating, left little room for doubt of the guilt of defendant. The defense sought to be upheld was embodied in instructions presenting, as favorably as was warranted, for the consideration of the jury the question whether in good faith defendant had prohibited his servants from dispensing liquor on Sunday and the finding is conclusive thereon. The result of the trial was fully sustained by the testimony and the judgment is affirmed. *Bland, P. J.*, and *Goode, J.*, concur.